J-E02007-25       2026 PA Super 169

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
          :         PENNSYLVANIA
          :
      v.          :
          :
          :
RALSTON RICARDO RAMSEY          :
          :
      Appellant         :     No. 2026 EDA 2024

Appeal from the PCRA Order Entered June 18, 2024
In the Court of Common Pleas of Monroe County
Criminal Division at No:  CP-45-CR-0001775-2018

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., OLSON, J., STABILE, J., KUNSELMAN, J., MURRAY, J., KING, J., SULLIVAN, J., and LANE, J.

OPINION BY STABILE, J.:                    **FILED JULY 31, 2026**

Appellant, Ralston Ricardo Ramsey, appeals from an order dismissing his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After the trial court sentenced Appellant and denied his post-sentence motions, Appellant filed a PCRA petition during the thirty-day period for filing a direct appeal.  Nonetheless, the court proceeded to hold an evidentiary hearing and denied PCRA relief.  Appellant now appeals to this Court.  We conclude that we may not reach the merits of Appellant's appeal.  Like the trial court, this Court lacks jurisdiction over this case because Appellant filed his PCRA petition prematurely before his judgment of sentence became final.  **See** 42 Pa.C.S.A. § 9545(b)(3).  We also take this opportunity to clarify some of our prior decisions on this issue.

Appellant was convicted of committing sexual offenses against a mentally impaired victim between January 1, 2015, and February 28, 2017.  On March 22, 2023, Appellant was sentenced to an aggregate term of four to

eight years' imprisonment. The court also determined that Appellant was a Tier 3 offender under Megan's Law subject to lifetime registration as a sexual offender.

On March 31, 2023, Appellant filed timely post-sentence motions challenging the sufficiency and weight of the evidence. On July 27, 2023, the court entered an opinion and order denying post-sentence motions. Appellant did not file a direct appeal.

On August 22, 2023, before his thirty-day period for filing a direct appeal expired, Appellant filed a *pro se* PCRA petition alleging ineffective assistance of trial counsel. The PCRA court did not dismiss Appellant's PCRA petition as premature even though Appellant filed it during the thirty-day appeal period. Instead, one week after Appellant filed the petition, the court appointed new counsel to represent Appellant during PCRA proceedings.

On November 29, 2023, PCRA counsel filed a **Turner/Finley**[1] motion to withdraw as counsel. The court denied PCRA counsel leave to withdraw. Counsel did not file anything further.

On January 2, 2024, the Commonwealth filed an answer to the PCRA petition averring that Appellant's petition was premature because he filed it before expiration of the thirty-day period for filing a direct appeal. The court did not take any action at that time. Instead, on May 13, 2024, the court held an evidentiary hearing on Appellant's ineffective assistance claims. Appellant

_____

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

testified during this hearing that he did not wish to pursue a direct appeal and wanted to proceed with his PCRA petition. Both Appellant and trial counsel testified that Appellant wanted to pursue relief under the PCRA because a direct appeal would be futile. Trial counsel testified during the PCRA hearing as follows:

> **Q.** Did you discuss with [Appellant] about whether or not he wanted to file an appeal to the Pennsylvania Superior Court at all?
>
> **Trial Counsel.** Yeah, we did. As I told him, the trial was a clean trial I thought. I didn't think there were any issues that he could appeal on to the Superior Court and that the jury verdict will not have to make sense … I said that the Superior Court is not going to get involved in that. It's going to let the jury verdict stand in that regard. I said, I think the best bet is to file a PCRA. I cannot allege my own ineffectiveness, as you know; so you're going to need to get Court-appointed counsel and file a PCRA. I will come in and I'll testify truthfully. So that's what I'm doing today.

N.T., 5/13/24, at 8-9.

Appellant testified that he did not file a direct appeal because

> [trial counsel] basically said that we would not win, because I think he was supposed to put something else into the judge, and it was time sensitive and that was never done. And then he got back to me and said … it's not going to get anywhere. We're not going to win *per se* with going with the appeal. And as he said, you know, he advised me to put in a PCRA.

*Id.* at 14.

On June 18, 2024, the PCRA court denied Appellant's petition. On July 15, 2024, Appellant filed a notice of appeal to this Court.

- 3 -

Appellant purports to raise three claims of ineffective assistance of trial counsel in this appeal; a claim that counsel failed to call Appellant as a witness to testify in his own defense, and two others alleging counsel permitted the Commonwealth to introduce hearsay evidence.

Before we reach these questions, however, we must address whether to quash this appeal because the premature filing of the PCRA petition deprived the lower court and this Court of jurisdiction to consider the petition. We raise this question *sua sponte*[2] because it implicates our subject matter jurisdiction. **See Commonwealth v. Reid**, 661 Pa. 207, 235 A.3d 1124, 1140 n.8 (2020). "It is well-settled that, relative to PCRA petitions, questions of timeliness are jurisdictional in nature; therefore, courts must address these questions as threshold issues." **Commonwealth v. William Smith**, __ Pa. __, 310 A.3d 94 (2024) (citing **Commonwealth v. Morris,** 573 Pa. 157, 822 A.2d 684, 692 (Pa. 2003)).

The PCRA provides that a PCRA petition "shall be filed within one year of the date the judgment *becomes* **final**." 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). For purposes of the PCRA, a judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, *or at the expiration of time for seeking the review*." 42 Pa.C.S.A. § 9545(b)(3) (emphasis added). "In circumstances in which no timely direct appeal is filed

_____

[2] Although the Commonwealth argued in the PCRA court that Appellant's PCRA petition was premature, it did not raise this issue in its appellate brief.

relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA." ***Commonwealth v. Brown***, 596 Pa. 354, 943 A.2d 264, 268 (2008); ***see also Commonwealth v. Kubis***, 808 A.2d 196, 198 n.4 (Pa. Super. 2002) (PCRA "has no applicability until the judgment of sentence becomes final"). In a criminal case, the time for filing an appeal for direct review is thirty days from the imposition of sentence. Pa.R.Crim.P. 720(A)(3). Where a defendant chooses to file a timely post-sentence motion, the thirty days in which to appeal begins to run from the date of the order deciding the motion, within thirty days of the motion being denied by operation of law,[3] or within thirty days of an order memorializing a defendant's withdrawal of the motion. Pa.R.Crim.P. 720(A)(2). Further, if the Commonwealth elects to file a motion to modify sentence, a defendant's notice of appeal must be filed within thirty days of the order disposing of the motion. Pa.R.Crim.P. 720(A)(4).

The PCRA's time restrictions are jurisdictional in nature. If a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction to address any substantive claims. ***Commonwealth v. Albrecht***, 606 Pa. 64, 994 A.2d 1091, 1093 (2010). Jurisdictional time limits go to a court's right or

---

[3] If a court fails to decide the post-trial motion within 120 days, or within one 30-day extension for cause, the motion will be deemed denied by operation of law. Pa.R.Crim.P. 720(B)(3)(a), (b).

competency to adjudicate a controversy, and Pennsylvania law makes clear no court has jurisdiction to hear an untimely[4] PCRA petition. ***See Commonwealth v. Williams***, 35 A.3d 44, 52 (Pa. Super. 2011). A premature filing is a legal nullity, and a PCRA court lacks authority to consider the filing. ***Commonwealth v. Shaheed Smith***, 244 A.3d 13, 17 (Pa. Super. 2020), ***Commonwealth v. Neisser***, 2020 WL 603614, *3 (Pa. Super., Feb. 7, 2020) (unpublished memorandum). This would not change even if the parties and the court agree to allow a premature petition, because "[i]n the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement or neglect." ***Commonwealth v. Smith***, 244 A.3d 13, 17 (Pa. Super. 2020).[5]

Consistent with these legal precepts, this Court held long ago that a PCRA petition filed while the defendant's direct appeal remains pending is premature and must be dismissed. ***Commonwealth v. O'Neil***, 573 A.2d 1112 (Pa. Super. 1990); ***see also Commonwealth v. Fralic***, 625 A.2d 1249, 1252 n.1 (1993), ***Commonwealth v. Leslie,*** 757 A. 2d 984 (Pa. Super.

---

[4] While typically the reference to an "untimely" petition is to one filed beyond the applicable time to take an appeal, a petition filed prematurely may also be considered as out of time when not filed within the time permitted for filing a petition under the PCRA.

[5] We also observe the rule that a PCRA petition may not be filed until a judgment of sentence becomes final also avoids any potential conflict that may arise within the thirty day appeal period where the Commonwealth may file a direct appeal to challenge the legality or the discretionary aspects of a sentence, ***see*** 42 Pa.C.S.A. § 9781; Pa.R.Crim.P. 720(A)(4), or the court may, with notice to the parties, modify or rescind its order if no appeal has been filed. ***See*** 42 Pa.C.S.A. § 5505.

2000).  In **O'Neil,** the defendant filed a PCRA petition while his direct appeal from his judgment of sentence was pending in this Court.  The PCRA court dismissed the defendant's petition based on the pendency of his direct appeal. The defendant appealed from the denial of PCRA relief, and we consolidated that appeal with his direct appeal.  We held that the PCRA court properly dismissed the PCRA petition because "a [PCRA] petition filed while a defendant's direct appeal remains pending is premature." **Id.**, 573 A.2d at 1116.  We therefore quashed the PCRA appeal.

The same result must take place here.  On March 22, 2023, the court entered sentence.  On March 31, 2023, Appellant filed timely post-sentence motions.  On July 27, 2023, the court entered an order denying post-sentence motions.  Thus, the thirty-day direct appeal period began running on July 27, 2023, and expired on Monday, August 28, 2023.[6]  Appellant's PCRA petition was prematurely filed on August 22, 2023, before the thirty-day appeal period expired.  Thus, the PCRA court did not have jurisdiction to hear the petition, and this Court does not have jurisdiction to entertain an appeal from that premature filing.  We therefore must quash this appeal.

Appellant contends that even if his petition was filed prematurely, we should decline to quash this appeal as a matter of equity.  He asserts that he should not be penalized for the PCRA court's decision to entertain his petition

---

[6] The thirtieth day after July 27, 2023, fell on Saturday, August 26, 2023. When the final day of an appeal period falls on a Saturday or Sunday, these days are omitted from timeliness computations.  1 Pa.C.S.A. § 1908.

instead of dismissing it without prejudice to file a timely petition.[7]  Our Supreme Court has made clear, however, that the PCRA's timeliness requirements are jurisdictional in nature and are not subject to equitable exceptions.  *See Brown*, 943 A.2d at 267 ("it is now well settled that there is no generalized equitable exception to the jurisdictional ... time bar pertaining to post-conviction petitions").  This is so even when a PCRA court, despite the untimeliness of a PCRA petition, proceeds to address its merits.  *Commonwealth v. Fantauzzi,* 275 A.3d 986, 997-98 (Pa. Super. 2022).

In *Fantauzzi*, we held that where the PCRA court granted the petitioner collateral relief in the form of a new sentencing proceeding, the order and subsequent sentence were null and void *ab initio* because the PCRA court did not have jurisdiction to grant relief.  In addition, all subsequent orders granting or denying subsequent relief that flowed from the PCRA court's improper order were null and void *ab initio.*  *Id.*  Similarly, in *Commonwealth v. Jahimel Williams,* 324 A.3d 569 (Pa. Super. 2024), we held that where the petitioner did not plead and prove the timeliness of his petition, the PCRA court committed error in addressing the merits of the petition and should have dismissed the merits as untimely.  *Id.* at 575-76.  In reaching this determination, we emphasized that "no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the

_____

[7] As discussed at pgs. 21-22, *infra,* where a premature petition is dismissed, a petitioner may still file a PCRA petition within the time permitted after a judgment of sentence becomes final.

substance of a petitioner's arguments". ***Id.*** at 576; ***see also Commonwealth v. Ballance,*** 203 A.3d 1027, 1033 (Pa. Super. 2017) (where petitioner failed to plead and prove timeliness exception to PCRA's time limits, PCRA court had no jurisdiction to restore direct appeal rights *nunc pro tunc* via untimely petition).

To the extent Appellant suggests that he is entitled to *nunc pro tunc* relief due to the trial court deciding his petition, we reject that argument. A PCRA court does not have jurisdiction to grant *nunc pro tunc* relief under an untimely filed petition. ***Ballance, supra***. More importantly, where the trial court bears no fault for the filing of an untimely petition, granting *nunc pro tunc* relief is improper. In appropriate cases, where a party has been prevented from appealing by reason of fraud or a wrongful or negligent act of a court official, the court may allow enlargement of time for appeal or appeal *nunc pro tunc,* but it is the appellant's burden to show such mitigating circumstances. ***Conrad v. Kemmerer***, 447 A.2d 1032, 1034 (Pa. Super. 1982).

Here, the PCRA court does not bear any blame in this case because the court neither misled nor encouraged Appellant to file a premature petition. At the conclusion of the sentencing hearing, the court advised Appellant of his direct appeal rights:

> Starting today, you have ten days to file a motion for me to reconsider this sentence. I then have one hundred and twenty days to act on that. If I don't or I decline the relief then you have thirty days to appeal that issue to the Superior Court of Pennsylvania. Most other issues that you may have regarding

> trial, evidence there, and things like that, you have thirty days to file an appeal to the Superior Court of Pennsylvania. Make sure you talk with Attorney Lyons about what has to be done within ten days and what has to be done within thirty.

N.T., 3/22/23, at 19. The court simply informed Appellant of the time limits for filing a direct appeal; it said nothing about filing a PCRA petition. ***Id.*** The court did *not* suggest that Appellant had the right to file a PCRA petition within the thirty-day time period for filing a direct appeal. Appellant decided by himself to file a premature PCRA petition and therefore must bear full responsibility for doing so. While Appellant might have felt a false sense of security in the PCRA court deciding his untimely petition, the fact remains that any PCRA court error occurred after the untimely filing of Appellant's petition, for which the court bore no responsibility. And as stated above, the fact that the court proceeded to decide an untimely petition is not a basis upon which to grant Appellant relief. ***Fantauzzi, Jahimel Williams, Ballance, supra.***

Nor did Appellant's testimony at his PCRA hearing suffice to perfect a waiver that enabled him to pursue unitary review during the time for taking a direct appeal. In ***Holmes,*** our Supreme Court reaffirmed the general rule in ***Commonwealth v. Grant,*** 813 A. 2d 726 (Pa. 2002), that "deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel." ***Holmes,*** 79 A.3d at 563. Despite the timing strictures governing the filing of PCRA petitions, the Court did, however, recognize two exceptions within a trial court's discretion that may

- 10 -

allow for unitary review.[8]  First, "there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice." *Id.*  Second,

> with respect to other cases and claims…where a defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, trial courts may entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.

*Id.* at 563-64 (footnote omitted).[9]  The accompanying PCRA waiver must embrace more than exhaustion of the defendant's first PCRA petition.  Unitary review so indulged must be preceded by the defendant's knowing and express

_____

[8] In ***Commonwealth v. Delgros***, 646 Pa. 27, 183 A.3d 352 (2018), the Court granted allowance of appeal to determine whether a defendant, who is ineligible for statutory collateral review because he was sentenced to pay only a fine without incarceration or probation, may obtain review of ineffective assistance of counsel claims presented in post-sentence motions filed in the trial court. It adopted a third exception to the general deferral rule, requiring trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review. Here, as with the other two ***Holmes*** exceptions, this third exception has no applicability to the present case.

[9] "Unitary review" under ***Holmes*** describes the defendant's ability to pursue both preserved direct review claims and collateral claims of trial counsel ineffectiveness on post-sentence motions and direct appeal and could aptly describe both exceptions.  *Id.* 79 A.3d at 564 n.2.  The second exception encompasses full-blown litigation of collateral claims (including non-record-based claims) and sometimes is referred to as "hybrid unitary review".  *Id.*

waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that his waiver subjects further collateral review to the time and serial petition restrictions of the PCRA. **Id.** at 564. Specifically, this waiver, which is a *sine qua non* of unitary review, must make clear to the defendant that any further collateral attack under the PCRA will be subject to the restrictions in Section 9545(b). **Id.**, 79 A.3d at 579.

Extraordinary circumstances are not present here; nor did Appellant claim any that would entitle him to unitary review under the first of **Holmes'** exceptions. Nor did Appellant satisfy the second **Holmes** exception. Although Appellant and counsel testified that they sought to bypass direct review because they felt there was no merit in a direct appeal, this fell short of establishing a meritorious claim to unitary review. In their short hearing statements (reprinted above)*,* neither counsel nor Appellant indicated an agreement or understanding that if unitary review were granted, further collateral attack under the PCRA would be subject to the restrictions in Section 9545(b). A court may only agree to unitary review upon good cause shown after a full PCRA waiver colloquy. **Id.**, 79 A.3d at 580.

Having determined that Appellant's PCRA petition was premature and that this appeal must be quashed, we now turn to reconciling prior decisions by this Court concerning the proper remedy when a PCRA is prematurely filed. In ordering *en banc* review, we directed that the parties brief and compare

the following cases: **Commonwealth v. Mojica**, 242 A.3d 949 (Pa. Super. 2020) (declining to quash appeal) and **Commonwealth v. Burns**, 2023 WL 5498981, at 2 n.2 (Pa. Super., Aug. 25, 2023) (unpublished memorandum; declining to quash), **with Commonwealth v. Shaheed Smith**, **supra** (quashing appeal) and **Commonwealth v. Neisser**, 2020 WL 603614 (Pa. Super., Feb. 7, 2020) (unpublished memorandum; quashing appeal).

We begin with **Neisser**, in which we quashed an appeal under facts almost identical to the present appeal. There, following sentencing on a guilty plea, the defendant filed timely post-sentence motions. The court granted these motions and resentenced the defendant. Less than thirty days after resentencing, however, the defendant filed a premature PCRA petition *pro se*. Almost two years later, the PCRA court held an evidentiary hearing on the PCRA petition and denied the petition. The defendant appealed to this Court. We quashed the appeal, stating that under the plain language of the PCRA, the time for filing a PCRA petition commences upon the expiration of the time period for seeking direct appeal. **Id.**, 2020 WL at 603614, *2. The defendant filed his PCRA petition before this time period expired, making it a "legal nullity" that the PCRA court "lacked authority to consider." **Id.** at *3. Consequently, we lacked jurisdiction over the defendant's appeal. **Id.**

In **Shaheed Smith**, the defendant was convicted of multiple felonies and filed a timely direct appeal from his judgment of sentence, which this Court affirmed. The defendant filed a timely petition for allowance of appeal

in the Supreme Court but then filed a PCRA petition while his petition for allowance of appeal was pending. The PCRA court appointed counsel. Our Supreme Court denied the petition for allowance of appeal and PCRA counsel filed a **Turner**/**Finley** petition to withdraw. The PCRA court granted counsel's petition and dismissed the PCRA petition without a hearing. The defendant appealed to this Court. We quashed the appeal on the ground that the PCRA petition was filed prematurely:

> It is well-settled that "[a] PCRA petition may **only** be filed after an appellant has waived or exhausted his direct appeal rights." **Commonwealth v. Leslie**, 757 A.2d 984, 985 (Pa. Super. 2000). Indeed, "[t]he PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final." **Commonwealth v. Kubis**, 808 A.2d 196, 198 n.4 (Pa. Super. 2002). Furthermore, this Court has explained: "If a petition is filed while a direct appeal is pending, the PCRA court should dismiss it without prejudice towards the petitioner's right to file a petition once his direct appeal rights have been exhausted." **Commonwealth v. Williams**, 215 A.3d 1019, 1023 (Pa. Super. 2019) (citation omitted); **see also Commonwealth v. Seay**, 814 A.2d 1240, 1241 (Pa. Super. 2003) (concluding appellate court was required to quash appeal from denial of PCRA relief when petitioner's direct appeal was still pending because properly filed notice of direct appeal was never received by Superior Court prothonotary).
>
> In the present case, however, the PCRA court "accepted" the premature filing and held it until **after** Appellant's direct appeal was final … Our review of the relevant statutory and case law reveals no support for the PCRA court's actions. Once an appeal is filed, a trial court has no jurisdiction to proceed further in the matter, absent limited exceptions not applicable here … Accordingly, the PCRA court should have promptly quashed Appellant's petition because it was filed while his direct appeal was pending in the Supreme Court. The fact that the PCRA court declined to do so is of no consequence. In the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement or neglect.

*Id.*, 244 A.3d at 16-17 (emphasis in original). The **Shaheed Smith** court relied upon **Neisser** as support for its decision.[10] **Id.** at 17.

Of importance, in **Commonwealth v. William Smith**, 310 A.3d 94 (Pa. 2024), a Supreme Court decision issued several years after **Shaheed Smith**, the Court agreed with **Shaheed Smith's** reasoning that a PCRA petition is premature when filed during a timely direct appeal.

The petitioner in **William Smith** filed a PCRA petition during an *untimely* direct appeal, *i.e.*, a direct appeal after the thirty-day direct appeal period expired.[11] The PCRA court dismissed the petition as premature, and in 2022, this Court quashed the petitioner's appeal, relying on **Shaheed Smith**.[12] The Supreme Court vacated our quashal order. The Supreme Court reasoned that

_____

[10] **See also Commonwealth v. Welch**, 2025 WL 1836643, *2-3 (Pa. Super., May 22, 2025) (non-precedential) (quashing appeal from PCRA order reinstating post-sentence and appellate rights *nunc pro tunc*, where PCRA petition was filed following this Court's order dismissing direct appeal for failure to file appellate brief but before expiration of thirty-day period for appealing to Supreme Court).

[11] The petitioner in **William Smith** was sentenced to a term of imprisonment, and he filed timely post-sentence motions. On September 7, 2018, the trial court denied his post-sentence motions. In the next thirty days, the petitioner did not file a notice of appeal, so his judgment of sentence became final for PCRA purposes on Monday, October 8, 2018. The Supreme Court's opinion stated that his judgment of sentence became final on October 7, 2018, but this date fell on a Sunday. Almost one year later, on October 4, 2019, the petitioner filed an untimely notice of direct appeal. Three days later, on October 7, 2019, the petitioner filed a PCRA petition. In 2021, the direct appeal was quashed, and the Supreme Court denied allocatur.

[12] **Commonwealth v. William Smith**, 2022 WL 557860, *2-3 (Pa. Super., Feb. 24. 2022) (non-precedential).

- 15 -

the petition was not premature, because (1) the **untimely** direct appeal did not toll the one-year limitation period for filing the PCRA petition, (2) the one-year limitation period began running when time expired for filing a direct appeal, and (3) the petitioner filed his PCRA petition within the one-year period.[13] *Id.* at 103. The Court held that ***Shaheed Smith*** did not apply to a petition filed during an *untimely* direct appeal, but it expressly agreed with ***Shaheed Smith's*** holding that a petition filed during a *timely* direct appeal is premature:

> On appeal [in ***William Smith***, the Superior Court] repeated the PCRA court's mistake of failing to engage in a meaningful timeliness analysis. Indeed, the court characterized Appellant's PCRA petition as "premature," equating it with Shaheed Smith's PCRA petition… **Yet, Shaheed Smith's PCRA petition truly was premature and, thus, untimely because he filed it while his indisputably timely-filed direct appeal was pending; in other words, he filed his PCRA petition without first exhausting his direct appeal rights.** Here, however, by the time the [Superior Court] issued its decision [in William Smith's PCRA appeal], the [Superior Court], almost a year earlier, had determined that Appellant untimely pursued his direct appeal, and this Court had denied Appellant's petition for allowance of appeal from the [Superior Court's decision to quash the direct appeal]. Although acknowledging this change in the posture of the case on appeal, the [Superior Court] rotely applied its decision in [***Shaheed Smith***] … and erroneously characterized Appellant's PCRA petition as premature. Indeed … as a result of the [Superior Court's] decision quashing Appellant's direct appeal as untimely and this Court's denial of Appellant's petition for allowance of appeal from that decision, it became clear that Appellant timely filed his PCRA petition.

---

[13] This Court has followed ***William Smith*** in an appeal with similar facts. ***See Commonwealth v. Skundrich***, 327 A.3d 218, 222 (Pa. Super. 2024) (PCRA petition was timely filed because it was filed during untimely direct appeal but within one year after judgment of sentence became final).

*Id.* 310 A.3d at 102-03 (emphasis added; citation omitted). In other words, because the untimely filing of **Shaheed Smith's** direct appeal was a legal nullity, it had no effect on the otherwise applicable timing mechanism for the filing of a PCRA petition. The untimely direct appeal was ineffective to deem the PCRA petition filing premature.

We reached similar results in two other cases wherein we quashed appeals from premature PCRA petitions. In **Commonwealth v. Seay,** 814 A.2d 1240, 1243 (Pa. Super. 2003) we concluded it was patently clear that the PCRA petition was premature and had to be quashed where the defendant filed a direct appeal from his judgment of sentence and filed a PCRA petition two years later while his direct appeal was still pending. Likewise, in **Welch**, we quashed an appeal where the appellant's petition to reinstate post-sentence and appellate rights *nunc pro tunc* was treated as a PCRA petition and the petition was prematurely filed because it was filed before the appellant's direct appeal concluded. **Id.**, 2025 WL 1836643, at *2-3.

By contrast, in **Mojica**, we declined to quash the filing of an otherwise premature PCRA petition. The defendant, convicted and sentenced for drug charges, filed timely post-sentence motions. While his counseled post-sentence motions were pending, the defendant, unbeknownst to his counsel, filed a *pro se* PCRA petition. The clerk of court failed to provide a copy of the petition to counsel for the defendant and to the Commonwealth in violation of

Pa.R.Crim.P. 576(A)(4).[14]  The court denied the post-sentence motions, and there was no direct appeal.  The court appointed PCRA counsel but later removed him when he failed to file anything.  The court appointed replacement PCRA counsel, who filed an "amended" PCRA petition[15] more than one year after judgment of sentence became final.  *Id.*, 242 A.3d at 952.  The "amended" petition sought reinstatement of the defendant's direct appeal rights *nunc pro tunc* on the ground that trial counsel was ineffective for failing to follow the defendant's instructions to file a direct appeal.  Trial counsel testified during the PCRA hearing that he was unaware at the time of filing that the defendant had filed a PCRA petition.  Following a hearing, the PCRA court denied PCRA relief.  The defendant filed a timely appeal to this Court.  A panel of this Court acknowledged that Appellant's *pro se* PCRA petition was filed prematurely before his judgment of sentence became final and while he still was represented by trial counsel, but we declined to quash the appeal.  We stated:

> [T]he PCRA court was mistaken in treating Appellant's *pro se* PCRA petition as a valid pleading under Pennsylvania law, [which] would ordinarily call for this Court to vacate the order adjudicating such

---

[14] Pa.R.Crim.P. 576(a)(4) provides that where a defendant is represented by counsel and submits a written motion that has not been signed by counsel, the clerk of court shall accept it for filing, time stamp it, make a docket entry, and then place the document in the case file. The clerk then is required to forward a copy of the stamped document to defense counsel and the attorney for the Commonwealth within 10 days of receipt.

[15] As discussed in n.17, *infra,* we discourage the use of the term "amended petition" when the original petition is premature.

claims. . . The PCRA court should have dismissed this *pro se* filing without prejudice to Appellant's ability to re-file at an appropriate juncture, or simply regarded the filing as a legal nullity.

*Id.*, 242 A.3d at 953. We also observed that "[i]n the intervening months following Appellant's *pro se* filing, his sentence became final and his window in which to file a valid PCRA petition expired." *Id.* at 954. Nevertheless, we found the PCRA court was to blame for this situation:

> Due to the PCRA court's misapprehension concerning the validity of Appellant's *pro se* petition and the violation of Rule 576(A)(4), Appellant's amended petition was not actually filed until it was technically untimely under the PCRA.
>
> While acknowledging the significant procedural issues posed by Appellant's initial *pro se* petition, we emphasize that these faults are directly attributable to the PCRA court's error. This misstep was further exacerbated by the failure of the clerk of courts to provide a copy of this *pro se* filing to the parties pursuant to Rule 576(A)(4). Under these circumstances, we conclude that it would be unjust to consider Appellant's *pro se* PCRA petition a legal nullity.

*Id.*

In **Burns**, we affirmed the defendant's judgment of sentence on direct appeal. Less than thirty days later, during the thirty-day period for appealing to the Supreme Court, the defendant filed a premature PCRA petition. He did not appeal to the Supreme Court. Several months after the period for appealing to the Supreme Court expired—in other words, several months after his judgment of sentence became final—the defendant filed another PCRA petition through court-appointed counsel. The counseled petition was denied, and the defendant appealed to this Court. Relying on **Mojica**, we declined to quash the appeal on the basis that the PCRA court was to blame for

entertaining the original petition instead of dismissing it. In declining to quash, we observed that while appellate challenges to orders disposing of premature PCRA petitions are subject to quashal, other decisions by our Court, e.g., **Mojica**, concluded that it would be unjust to declare a premature PCRA petition a legal nullity where procedural missteps surrounding the petitioner's initial filing are directly attributable to PCRA court error. **Burns** held that since the PCRA court (1) improperly accepted Appellant's premature *pro se* petition, (2) appointed counsel, (3) permitted amendment of the initial petition, (4) convened a hearing, and (5) the one-year filing period to file a PCRA had expired, we would not quash the appeal.

Following **Mojica,** we also refused to quash an appeal in **Commonwealth v. Jackson**, 2022 WL 165267, *5 (Pa. Super., Jan. 19, 2022) (unpublished memorandum), where the defendant filed a premature PCRA petition during his direct appeal but the court improperly accepted the petition, appointed new counsel for defendant, permitted amendment of petition, failed to give proper notice under Rule 576(A)(4) of the *pro se* filing, and then later denied the petition. The pertinent facts on the filing of the PCRA petition in **Jackson** mirrored those that were present in **Mojica.**

Having reviewed applicable authority that bears upon the jurisdictional prerequisites for the filing of a PCRA petition, we now reaffirm that the cases

of **Neisser**, **Shaheed Smith**, **Seay** and **Welch**[16] were correctly decided. The time limits under the PCRA are jurisdictional, and courts may not create equitable remedies to cure jurisdictional defects. A PCRA petition that is prematurely filed – before the conclusion of direct appeal – is a legal nullity and does nothing to vest jurisdiction in a court or to preserve the filing pending a final order after conclusion of direct appeal. Only a breakdown in court operations that cause the premature filing of a PCRA petition may allow for consideration of a premature petition on a *nunc pro tunc* basis.

Nonetheless, where a premature and jurisdictionally deficient petition is filed, and the petitioner files a subsequent petition, the PCRA court will have jurisdiction over the subsequent petition if it is filed within the time period permitted under the PCRA. **See Commonwealth v. Mills**, 2025 WL 689470, *4 (Pa. Super., Mar. 4, 2025) (exercising jurisdiction over appeal when petitioner filed premature PCRA petition but later filed a timely petition[17] after judgment of sentence became final and before expiration of statute of limitations); **Commonwealth v. Myers,** 2024 WL 1574072, *3 (Pa. Super.,

---

[16] Although **Neisser** and **Welch** are non-precedential, we consider them persuasive authority. **See** Pa.R.A.P. 126(b).

[17] The **Mills** court referred to this petition as an "amended petition". In the present context, we are uncomfortable with this term. Courts treat "amended" PCRA petitions as relating back to the original petition. **See Commonwealth v. Tedford**, 566 Pa. 457, 781 A.2d 1167, 1171 n.6 (2001) ("an amended [PCRA] petition is merely an extension of an existing petition rather than a new and distinct petition"). The term "amended" could cause confusion in a case like this because the premature original petition is a legal nullity. Where the initial petition is a legal nullity, a subsequent, timely filed petition should be referred to as a first petition.

Apr. 11, 2024) (same); *Commonwealth v. Dunham*, 2024 WL 1460996, n.4 (Pa. Super., Apr. 4, 2024) (same); *Commonwealth v. Shower*, 2023 WL 3862768, *4 (Pa. Super., Jun. 7, 2023) (same).

Upon further review, we reaffirm the result in *Mojica* that permitted consideration of the appellant's prematurely filed petition, but on only one of the grounds found by the *Mojica* panel. Although not stated as such, the *Mojica* panel essentially accepted the appellant's petition on a *nunc pro tunc* basis. The panel granted relief because (1) the PCRA court was to blame for entertaining the original petition instead of dismissing it and (2) the court failed to provide the mandatory notice of the appellant's *pro se* filing required under Pa.R.Crim.P. 576(A)(4). We approve *Mojica's* award of relief on the second ground, because the court's failure to provide Rule 576(a)(4) notice constituted a breakdown in court operations. Had timely notice been given to counsel of the *pro se* filing, subsequently appointed counsel would have been on notice to address this defect long before the time elapsed for the filing of a timely PCRA petition.[18] However, to the extent that *Mojica* could be read to allow *nunc pro tunc* relief based solely upon the court not having noticed the petition was prematurely filed and advised counsel of the same, we disapprove that relief may be granted on this basis alone. As stated above,

_____

[18] Since *Jackson* presents almost the identical filing and notice problems as those considered in *Mojica,* and because it relied on *Mojica* to permit consideration of the premature petition filed in that case, we likewise agree with *Jackson's* result and disagree with part of its analysis for the same reasons we have articulated with respect to *Mojica.*

the granting of *nunc pro tunc* relief requires that a petitioner demonstrate that the court was at fault for the filing of a premature petition. Where the court plays no role in causing the premature filing, *nunc pro tunc* relief is not properly granted.

With respect to **Burns,** we disapprove of this unpublished decision as unpersuasive, since its reason for not quashing that appeal based upon a premature filing rested solely upon that part of **Mojica** which we now disapprove. Instead, we approve the result in **Burns** for another proper reason: the petitioner subsequently filed a timely petition within the one-year period for claiming PCRA relief.[19]

_____

[19] We also offer some clarification in response to the suggestion in **Burns** that the PCRA court review more carefully the timeliness of future petitions to ensure they are filed within one year of the date that the judgment becomes final and not before that critical milestone. We are not suggesting that courts act as counsel for litigants, as courts must be careful that they do not assume an advocate's role. It is not the court's responsibility to proof the work of counsel. To do so essentially would turn our courts into advisors or counselors to litigants, a role courts cannot play. **See Coulter v. Ramsden,** 94 A.3d 1080, 1088 (Pa. Super. 2014) ("[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant"); **Commonwealth v. Gould,** 912 A.2d 869, 873 (Pa. Super. 2006) (same). A court acting as counsel also arguably runs afoul of Rule 1.2 of the Code of Judicial Conduct that requires judges to act in a manner that promotes the impartiality of the judiciary. Instead, a court has an obligation to *promptly* review a PCRA petition, answer and other matters of record. Pa.R.Crim.P. 907(1). If a defendant is not entitled to relief, a court may properly issue notice under Pa.R.Crim.P. 907 of its intention to dismiss the petition without a hearing noting the reason for its intention to dismiss the petition. Rule 907 thus preserves the proper role of the judiciary and also may have the salutary effect of allowing a petitioner to refile a petition if still within applicable time limits. Alternatively, the Commonwealth may file a motion to dismiss the petition on grounds of prematurity.

For the foregoing reasons, we quash this appeal.

Appeal quashed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/31/2026